IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:25cv81064

JOSE SERER and ANTHONY SERER,

    Plaintiffs,

vs.

HANKOOK TIRE AMERICA CORP.,

    Defendant.

_____/

**DEFENDANT HANKOOK TIRE AMERICA CORP.'S NOTICE OF REMOVAL**

Defendant, HANKOOK TIRE AMERICA CORP. ("HTAC"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, with full reservation of all defense, hereby gives notice that it has removed the above-titled action from the Fifteenth Judicial Circuit Court of Palm Beach County, Florida, Case No. 2025-CA-006976, to the United States District Court for the Southern District of Florida, West Palm Beach Division. In support of its Notice of Removal, HTAC states as follows:

**I. PLEADINGS**

1. Plaintiffs, Jose Serer and Anthony Serer (hereinafter "Plaintiffs'), commenced this civil lawsuit by filing a Complaint in the Fifteenth Judicial Circuit Court of Palm Beach County on July 14, 2025.

2. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes and arises out of injuries and damages allegedly sustained by Plaintiffs, in connection with an accident that occurred on November 25, 2021.

3. The Complaint alleges the following three causes of action against HTAC: Count I – Strict Liability; Count II – Negligence; and Count III – Breach of Implied Warranty of Merchantability.

4. Pursuant to 28 U.S.C. § 1446 and Local Rule 7.2, HTAC attaches to this Notice of Removal a copy of the state court docket and "all process, pleadings, orders, and other papers or exhibits of every kind, including depositions" presently on file in the state court action. See **Composite Exhibit A.**

5. Providing such materials pursuant to Section 1446(a) shall not be construed as a waiver of HTAC's defenses in this action.

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

7.

## II. REMOVAL IS PROPER IN THIS MATTER

### A. Removal is Timely and Venue is Proper

1. HTAC was served on July 28, 2025.  Accordingly, HTAC timely filed this Notice of Removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1); *see also, e.g., Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999) (removal deadline triggered by receipt of formal service).

2. The United States District Court for the Southern District of Florida, West Palm Beach Division, is the proper venue for removal under 28 U.S.C. § 1441(a) because it is "the district and division embracing the place where such action is pending," namely, Palm Beach County, Florida. *See Hollis v. Fla. State Univ.*, 259 F.3d 1295 (11th Cir. 2001) ("a properly removed action necessarily fixes venue in the district where the state court action was pending").

3. Pursuant to 28 U.S.C. § 1446(d), and concurrently with the filing of this Notice, written notice of this removal will be filed with the Clerk of the Fifteenth Judicial Circuit Court of Palm Beach County, Florida, and HTAC will serve a copy of the Notice of Removal on all parties to the case.

**B.     There is Complete Diversity Among the Parties**

1. Complete diversity exists between the parties to this action. As alleged in the Complaint, at all times relevant, Plaintiffs were residents of Miami-Dade County in the State of Florida. Therefore, Plaintiffs are citizens of Florida. *See* Compl. ¶ 1

2. For diversity purposes, a corporation is deemed to be a citizen of its State of incorporation and the State in which it has a principal place of business. 28 U.S.C. § 1332(c)(1). HTAC is incorporated under the laws of the State of New Jersey with its principal place of business at 333 Commerce Street, Suite 600, Nashville, Tennessee 37201.  HTAC is therefore a citizen of the States of New Jersey and Tennessee.

3. Removal is appropriate because complete diversity of citizenship exists between the parties and HTAC is not a citizen of Florida, the state in which this action was brought. *See* 28 U.S.C. § 1441(b)(2).

**C.     The Amount in Controversy Requirement is Satisfied**

1. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Under § 1332(a), in a case where federal jurisdiction is based upon diversity of citizenship, the amount in controversy must exceed $75,000, exclusive of costs and interest.

2. Plaintiffs' Complaint asserts that Plaintiffs were injured when "the front left tire blew out." *See* Compl. ¶ 8. Their vehicle then "collided into a concrete barricade…spun once again and crashed into by another vehicle." *Id.* Plaintiffs' Complaint alleged the following damages:

> 11. Plaintiffs suffered extensive bruising to their body.
> 12. Plaintiffs have also suffered severe mental anguish and emotional distress as a result of the crash, including but not limited to depression, stress anxiety, pain and suffering.
> 13. As a result of the injuries sustained, Plaintiffs are required and will require medical care and treatment for their injuries.
> 14. These aforementioned injuries have also prevented Plaintiffs from engaging in their usual employment, resulting in loss of income and loss of the ability to earn income in the future.

*Id.,* ¶¶ 11-14.

3. On its face, Plaintiffs' Civil Cover Sheet also indicates that the amount of Plaintiffs' claim exceeds $100,000.00. *See* **Exhibit B,** Civil Cover Sheet. In sum, the amount in controversy requirement is met and "[r]emoval from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Accordingly, the jurisdictional amount in controversy for this Court has been satisfied.

**D.  The Amount in Controversy Requirement is Satisfied/All Prerequisites for Removal Have Been Satisfied.**

1. Since both requirements for federal diversity jurisdiction are satisfied, this case is removable pursuant to 28 U.S.C. §§ 1332 and 1441.

2. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal will be filed with the Clerk of the Fifteenth Judicial Circuit Court of Palm Beach County, Florida, and HTAC will promptly serve a copy of the Notice of Removal on Plaintiffs' counsel.

3. By filing this Notice, HTAC does not waive its right to assert any defense or affirmative matter, including without limitation the defenses listed in Federal Rule of Civil Procedure 12(b) and any other procedural or substantive defenses available to it under state or federal law.

4. The undersigned counsel is authorized by HTAC to file this Notice of Removal, is licensed in the State of Florida, and is a member of the Bar of this Court.

### III. CONCLUSION

1. Because complete diversity exists between the parties and the amount in controversy exceeds the sum of $75,000, removal to this Court is proper.

2. Therefore, this Court should exercise its diversity jurisdiction over the causes of action brought by virtue of Plaintiffs' Complaint, pursuant to 28 U.S.C. §§ 1332 and 1441.

WHEREFORE, Defendant, HANKOOK TIRE AMERICA CORP., gives notice that this action is hereby removed from the Fifteenth Judicial Circuit Court of Palm Beach County, Florida, to the United States District Court for the Southern District of Florida, West Palm Beach Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and requests that this Court assume full jurisdiction over the cause herein as provided by law.

DATE: August 27, 2025

Respectfully submitted,

*/s/ Bianca G. Liston*

_____
BIANCA G. LISTON, ESQUIRE
Florida Bar No. 0555592
**MCDONALD TOOL RICHMAN & CORRENTI, P.A.**
111 N. Magnolia Avenue, Suite 1200
Orlando, FL 32801
*Attorneys for Defendant, Hankook Tire America Corp.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 27, 2025, the foregoing was electronically filed with the Clerk of Court via CM/ECF system, which will send a notice of electric filing to the following counsel of record: John B. Agnetti, Esq., Michel Reyes Triana, Esq., Hoffman, Larin & Agnetti, P.A., 909 North Miami Beach Blvd, Suite 201, Miami, Florida 33162; pleadings@hlalaw.com; *Attorney for Plaintiffs.*

*/s/ Bianca G. Liston*

_____
M. GARY TOOLE, ESQUIRE
**LEAD COUNSEL**
Florida Bar No. 710814
BIANCA LISTON, ESQUIRE
Florida Bar No. 0555592
MICHAEL DECKER, ESQUIRE
Florida Bar No. 1002962
**MCDONALD TOOL RICHMAN & CORRENTI, P.A.**
111 N. Magnolia Avenue, Suite 1200
Orlando, FL 32801
Telephone: (407) 246-1800
Facsimile: (407) 246-1895
Email Addresses: gtoole@mtrclegal.com;
bliston@mtrclegal.com; mdecker@mtrclegal.com;
SerervHankook@mtrclegal.com
*Attorneys for Defendant, Hankook Tire America Corp.*