IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:25-cv-81064-Cannon/McCabe

JOSE SERER and ANTHONY SERER,

    Plaintiffs,

vs.

HANKOOK TIRE AMERICA CORP.,

    Defendant.

_____/

**DEFENDANT, HANKOOK TIRE AMERICA CORP.'S SECOND
MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND
<u>MEMORANDUM OF LAW IN SUPPORT THEREOF</u>**

HANKOOK TIRE AMERICA CORP. (hereinafter Defendant or "HANKOOK"), by and through its undersigned counsel, hereby files this Second Motion to Dismiss Plaintiffs' Complaint (hereinafter "Complaint") and, Memorandum of Law in support thereof pursuant to this Court's Order (DE 14). HANKOOK states as follows:

**FACTS**

This is a product liability action arising out of an automobile accident occurring on November 21, 2021 at approximately 4:40 a.m. <u>See</u> DE 1-1 at p.7 - Complaint at ¶¶ 7-8. Plaintiffs allege that the Defendant, HANKOOK placed a tire into the stream of commerce. <u>See</u> DE 1-1 at pp. 8-9 - Complaint at ¶¶16 and 29. Plaintiffs' Complaint purports to state causes of action against HANKOOK for Strict Liability (Count I), Negligence (Count II) and Breach of Implied Warranties

of Merchantability (Count III).  Plaintiffs' Complaint lacks any allegation identifying the model of the tire, as well as its DOT number, among other deficiencies.

## MOTION TO DISMISS

Although Defendant denies the allegations made against it, HANKOOK seeks to dismiss Plaintiffs' Complaint based on the following grounds:

1. Plaintiffs' Complaint should be dismissed for failure to allege sufficient jurisdictional allegations.

2. Plaintiffs' Complaint fails to state a cause of action against HANKOOK for product liability under Strict Liability (Count I) or negligence (Count II) theories.

3. Plaintiffs' cause of action for Breach of Implied Warranties of Merchantability (Count III) fails to state a cause of action.

4. Pursuant to Fed.R.Civ.P. 10(b) , Plaintiffs' Complaint should be dismissed because Plaintiffs improperly commingled claims of each Plaintiff and failed to state the claims in separate counts.

## MEMORANDUM OF LAW

### I. Standard of Review

Under the Federal Rules of Civil Procedure, a complaint must meet three requirements: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim  showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought.  Fed.R.Civ.P. 8.  In reviewing a motion to dismiss for failure to state a cause of action, a complaint must contain sufficient factual allegations, accepted as true, "to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

However, Florida, similar to the federal courts, is not a notice pleading jurisdiction and "it is not enough merely to advise the defendant of the theory of the action." See Cunningham v. Fla. Dept. of Children & Families, 782 So.2d 913, 919 (Fla. 1st DCA 2001).  In federal courts, to survive a motions to dismiss, the claim must have "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In evaluating the sufficiency of pleadings, federal courts make reasonable inferences in the plaintiffs' favor, but "are not required to draw plaintiff's inference." Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005). The Eleventh Circuit has endorsed a two-pronged approach in applying these principles:

1) eliminate any allegations in the complaint that are merely legal conclusions; and
2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

American Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010).

**II.     Plaintiffs' Complaint should be Dismissed for Failure to Allege Sufficient Jurisdictional Allegations**

Plaintiffs' Complaint lacks specific jurisdictional allegations. HANKOOK therefore enters this limited appearance solely for the purpose of challenging personal jurisdiction.  Plaintiffs must "allege[] sufficient jurisdictional facts to bring the action within the ambit of the [Florida long arm] statute" or must track the language of the long-arm statute.  See Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 502 (Fla. 1989). Plaintiffs' Complaint fails to allege facts sufficient to assert jurisdiction over HANKOOK.  Instead, Plaintiffs assert the following general allegations in the Complaint:

4. This Court has personal jurisdiction over Defendant because it operates, conducts, engages in, or carry [sic] on a business or business venture in Florida;

-3-

>> committed a tortious act within Florida; caused injury to persons or property within Florida; and is organized under the law of the State of Florida

This is not sufficient to establish personal jurisdiction. "[G]eneral personal jurisdiction under the long-arm statute is not established merely based on a corporate defendant's registration to do business in the state and designation of a corporate agent, as the mere fact of registration and designation do not demonstrate the 'substantial and not isolated activity' required under the statute, nor does it establish constitutional minimum contacts. <u>Magwitch, LLC v. Pusser's W. Indies Ltd.</u>, 2015 Fla. Cir. LEXIS 33513, *15-16 (Fla. 13th Cir. Ct. Jan. 30, 2015); <u>see</u> <u>also</u> <u>Sofrar v. Graham Engineering Corp.</u>, 35 F. Supp. 2d 919, 920-21 (S.D. Fla. 1999) (noting that "[i]f these lower state court cases actually stand for or can be interpreted as standing for the idea that registration to do business in Florida by a defendant is enough in and of itself to find personal jurisdiction over such a defendant, they are in conflict with Supreme Court precedent and also Florida Supreme Court precedent"); <u>see</u> <u>also</u> <u>In re Farmland Indus., Inc.</u>, 2007 WL 7694308, *12 (M.D. Fla. March 30, 2007) (holding that single contact of registering to do business in Florida and appointing a registered agent for service of process does not subject a foreign corporation to general personal jurisdiction); <u>Royal Acquisitions 001, LLC v. Ansur Am. Ins. Co</u>., No. 14-20914-Civ-COOKE/TORRES, 2015 U.S. Dist. LEXIS 39301, at *8 (S.D. Fla. Mar. 27, 2015); <u>see also</u>, <u>Consolidated Development Corp. v. Sherritt, Inc.</u>, 216 F.3d 1286, 1293 (11th Cir. 2000) (a corporate agent in a forum does not subject the corporation to general personal jurisdiction). Florida's long-arm statute "'must be strictly construed' and 'any doubts about applicability of the statute must be resolved in favor of the defendant and against a conclusion that personal jurisdiction exists.'" <u>In re Takata Airbag Products Liab. Litig.</u>, 396 F. Supp. 3d 1101, 1140 (S.D. Fla. 2019) (internal quotations omitted).

### 1. Plaintiffs' Complaint fails to allege the location at issue.

Plaintiffs' Complaint also lacks allegations as to the location of the accident which is the subject of this litigation. In Paragraph 7, Plaintiffs allege that "[o]n or about November 25, 2021, at around 04:40 a.m., Plaintiffs were traveling southbound on Interstate 95. Plaintiff, Jose Serer was driving the vehicle and Plaintiff, Anthony Serer was a passenger in the Vehicle."

Plaintiffs' Complaint shall be Dismissed for Failure to Allege Facts to State a Product Liability Cause of Action against HANKOOK.

Plaintiffs' Complaint seeks recovery from HANKOOK under both strict liability and negligence theories, both alleging a manufacturing defect of an unidentified tire. See DE 1-1 at p. 9 - Complaint at ¶¶ 28-32. Plaintiffs' Complaint, however, does not properly allege a cause of action against HANKOOK. Taken as a whole, Plaintiffs' Complaint alleges that an accident took place, the tire had cuts and cracks, and rubber degraded (DE 1-1 at p. 8-9 - Complaint at ¶¶ 23, 24, 31 and 32) and Plaintiffs were injured. Plaintiffs' Complaint falls short of alleging the necessary facts and elements which would allow HANKOOK to meaningfully respond to it.

"Products liability does not make the manufacturer an insurer of all foreseeable accidents which involve its product. Virtually any product is capable of producing injury when put to certain uses or misuses." Husky Indus., Inc. v. Black, 434 So. 2d 988, 991 (Fla. 4th DCA 1983); see also Houdaille Indus., Inc. v. Edwards, 374 So. 2d 490, 493 (Fla. 1979) ("A manufacturer, although liable for injuries caused by a defect in its product, is not an insurer for all physical injuries caused by its product."); West v. Caterpillar Tractor Co., 336 So. 2d 80 (Fla. 1976). Consequently, an accident involving a product is not actionable absent some alleged defect in the product which caused or contributed to that accident and injuries.

Florida, similar to the federal courts, is not a notice pleading jurisdiction and "it is not enough merely to advise the defendant of the theory of the action." See Cunningham v. Fla. Dept. of Children & Families, 782 So. 2d 913, 919 (Fla. 1st DCA 2001).  Under Florida law,

> It is a fundamental rule that the claims and ultimate facts supporting same must be alleged [in the pleadings].  The reason for the Rule is to appraise [sic] the other party of the nature of the contentions that he will be called upon to meet, and to enable the court to decide whether same are sufficient.

George v. Beach Club Villas Condominium Assoc., 833 So. 2d 816, 820 (Fla. 3d DCA 2002), citing Brown v. Gardens by the Sea South Condo Assoc., 424 So. 2d 181, 183 (Fla. 4th DCA 1983).  "Florida's pleading rule forces counsel to recognize the elements of their cause of action and determine whether they have or can develop the facts necessary to support it, which avoids a great deal of wasted expense to the litigants and unnecessary judicial effort." Horowitz v. Laske, 855 So. 2d 169, 173 (Fla. 5th DCA 2003).

Alongside a statement of grounds for jurisdiction and a demand for relief, each count in a plaintiff's complaint must contain a short and plain statement of the ultimate facts which establish each essential element, and which show that the plaintiff is entitled to the relief requested. Fed.R.Civ.P. 8(a).  "The complaint must set out the elements and the facts that support them so that the court and the defendant can clearly determine what is being alleged." Barrett v. City of Margate, 743 So. 2d 1160, 1162 (Fla. 4th DCA 1999).  "It is insufficient to plead opinions, theories, legal conclusions or argument." Id.  See also Price v. Morgan, 436 So. 2d 1116, 1121-22 (Fla. 5th DCA 1983) (dismissing complaint and noting that "a pleading is insufficient if it contains merely conclusions as opposed to ultimate facts supporting each element of the cause of action").  Simply alleging a product is defective is not sufficient.  Rice v. Walker, 359 So. 2d 891, 892 (Fla. 3d DCA 1978).  Failure to allege specific facts constituting how the alleged product was

defective warrants dismissal of the complaint. Id.; see also Gomez v. Pfizer, Inc., 675 F. Supp. 2d 1159, 1163 (S.D. Fla. 2009) (dismissing a complaint because there were "no factual allegations suggesting what was in fact defective about the products). The plaintiff must allege enough facts to show the defect in the product and how that defect made the product unreasonably dangerous. Id. The plaintiff in a products liability case must prove (and by extension plead) the defect in the product and must do so whether the claim arises under strict liability or negligence. Cassisi v. Maytag Co., 396 So. 2d 1140 (Fla. 1st DCA 1981).

Nowhere does the Plaintiffs' Complaint allege what, if any, defect existed in the unidentified tire. Rather, Plaintiffs speak in generalities and in doing so provides nothing more than conclusory allegations that some tire was defectively manufactured and unreasonably dangerous. Plaintiffs' claims against HANKOOK are so vague, ambiguous and incomplete that it cannot reasonably frame a responsive pleading. Plaintiffs' Complaint does not meet the strictures of Florida law and thus HANKOOK cannot respond to the Complaint.

### III. Plaintiffs' Claim For Breach Of Implied Warranties Of Merchantability (Count VIII) Must Be Dismissed Based On Lack Of Privity

Plaintiffs' claim for Breach of Implied Warranties of Merchantability (Count III) must be dismissed because Plaintiffs' Complaint fails to plead the essential elements required to allege a cause of action based on warranty. In Florida, when a pleader seeks to allege a cause of action based on warranty, the complaint should expressly set forth the following essential allegations:

1. **Facts in respect to sale of the product or other circumstances giving rise to a warranty, express or implied,** identifying the type of warranties accompanying the pertinent transactions involved.

      2.      Reliance upon the representations by the seller and judgment of the seller where the action is based upon express warranty or warranty of fitness for a particular purpose.

      3.      Circumstances of the injury as caused by the breach of warranty.

      4.      Notice of breach of warranty

      5.      Injuries sustained and damages.

Weimar v. Yacht Club Point Estates, Inc., 223 So.2d 100 (Fla. 4th DCA 1969) (emphasis added); See also Dunham-Bush, Inc. v. Thermo-Air Service, Inc., 351 So.2d 351, 353 (Fla. 4th DCA 1977).

      The first element requires privity of contract between the parties to assert a claim for breach of warranty. In the instant matter, Plaintiffs' Complaint fails to satisfy the first required element as it fails to allege **any facts** pertaining to the sale of the product or other circumstances that would constitute privity of contract between the parties. Florida law is clear that **privity of contract** is required to state a cause of action for breach of implied or express warranty. Weiss v. Johansen, 898 So.2d 1009, 1012 (Fla. 4th DCA 2005); Kramer v. Piper Aircraft Corp. 520 So.2d 37, 39-40 (Fla. 1988); Elizabeth N. v. Riverside Group, Inc., 585 So.2d 376, 378 (Fla. 1st DCA 1991) (noting "a warranty, whether express or implied, is fundamentally a contract. A contract cause of action requires privity"); Intergraph Corp. v. Stearman, 555 So.2d 1282, 1283 (Fla. 2d DCA 1990) (reversing the lower court's final judgment and finding that "[p]rivity is required in order to recover damages from the seller of a product for breach of express or implied warranties") (citing cases); Cedars of Lebanon Hospital Corp. v. European X-Ray Distributors of America, Inc., 444 So.2d 1068, 1072 n.4 (Fla. 3d DCA 1984) (finding "[h]ad there been no direct contact between the two parties, appellee's contention that there was no privity, and thus no liability for breach of warranties, would be correct. It is the direct contacts which create the express and implied

warranties under sections 672.313 and 672.315, Florida Statutes (1981)"); Williams v. Bear Sterns & Co., 725 So.2d 397, 400 (Fla. 5th DCA 1998) (finding breach of warranty claims were foreclosed due to lack of privity) (citing cases); Spolski Gen. Contractor, Inc. v. Jett- Aire Corp. Aviation Management, 637 So.2d 968 (Fla. 5th DCA 1995) (affirming summary judgment on express and implied warranty claims in part because contractor was not in privity with manufacturer); TWM & SM v. American Med. Systems, Inc., 886 F. Supp. 842, 844 (N.D. Fla. 1995) (dismissing counts by individual consumer for breach of express and implied warranty, holding, "[t]he law of Florida is that to recover for the breach of warranty, either express or implied, the plaintiff must be in privity of contract with the defendant" (citations omitted) and a "plaintiff who purchases a product but does not purchase it directly from the defendant, is not in privity with that defendant." (citing 1 White and Summers, Uniform Commercial Code §11-2 at 528 (3rd ed. 1988)).

Count III of Plaintiffs' Complaint is a warranty-based claim and fails to allege the necessary privity of contract with HANKOOK. Therefore, Count III of Plaintiffs' Complaint must be dismissed.

    **a.**    **Plaintiffs' Claim for Breach of Implied Warranties of Merchantability Must also be Dismissed for Failure to State a Cause of Action**

Plaintiffs' claim for Breach of Implied Warranties of Merchantability (Count III) must also be dismissed because Plaintiffs have failed to allege any particular purpose for which the subject vehicle was purchased. To have a claim for implied warranty of fitness for a particular purpose the buyer must establish the existence of "a particular or unusual use different from the purpose of which the item sold was ordinarily used." Fred's Excavating & Crane Serv. Inc., v. Continental Ins. Co., 340 So.2d 1220 (Fla. 4th DCA 1976). See Royal Typewriter Co. a Div. a Div. of Litton

Bus. Sys., Inc. v. Xerographic Supplies Corp., 719 F.2d 1092 (holding a "'particular purpose' differs from an ordinary purpose in that it envisages a specific use by the buyer which is peculiar to the nature of his business").

Plaintiffs have not, and cannot, allege any "particular or unusual" purpose for which HANKOOK had reason to know the subject tire sold to be used. The mere ordinary use of the subject vehicle clearly does not qualify as a particular purpose. See Fred's Excavating & Crane Service, Inc., 340 So.2d 1220 (upholding dismissal of breach of implied warranty of fitness for a particular purpose claim because plaintiff failed to allege a particular or unusual use different from the purpose for which the item sold is ordinarily used). Therefore, Count III of Plaintiffs' Complaint must be dismissed.

### IV. Plaintiffs' Complaint Must Be Dismissed Due to Improper Commingling of Claims Against All Defendants

Plaintiffs' Complaint should be dismissed due to the commingling of both Plaintiffs' claims together in the Complaint. Federal Rule of Civil Procedure 10(b) states, in pertinent part:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—**must be stated in a separate count or defense.**

(Emphasis added).

Plaintiffs' Complaint sweeps all the Plaintiffs' claims together in in violation of Rule 10(b), Federal Rules of Civil Procedure, which requires consecutively numbered paragraphs and contents of the paragraphs limited to a certain set of circumstances against individual [Plaintiffs] – not "multiple or narrative allegations, involving multiple sets of circumstances, making a cumbersome

pleading difficult to respond to." Dewitt v. Rossi, 559 So. 2d 659, 659 (Fla. 5th DCA 1990). See also Magluta v Samples, 256 F.3d 1282, 1284 (11th Cir. 2001).

In Veltmann v. Walpole Pharmacy, Inc., 928 F. Supp. 1161, 1163-1164 (M.D. Fla. 1996), the court dismissed a complaint on precisely the grounds set forth in the instant motion. The Veltmann Court explained that plaintiff's failure to separate each alleged act by each defendant into individually numbered paragraphs made it virtually impossible to ascertain from the complaint which defendant committed which alleged act. Finding that plaintiff's general allegations against all the named defendants were insufficient, the court dismissed the complaint. See also, Terry v. McGee, 2025 U.S. Dist. LEXIS 162112, at *4 (S.D. Fla. July 17, 2025) ("each 'party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.'").

In the instant case, Plaintiffs' commingling of allegations and claims brought by both Plaintiffs renders the Complaint confusing and ambiguous, and Plaintiffs should be required, at a minimum, to re-plead the allegations in the Complaint in a clearer fashion.

WHEREFORE, based on the foregoing, Defendant, HANKOOK TIRE AMERICA CORP., respectfully requests that this Honorable Court enter an Order granting its Motion to Dismiss Plaintiffs' Complaint; and, to further award this Defendant all other relief this Court deems appropriate.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 10, 2025, the foregoing was electronically filed with the Clerk of Court via CM/ECF system, which will send a notice of electric filing to the following counsel of record: John B. Agnetti, Esq./Michel Reyes Triana, Esq., Hoffman, Larin & Agnetti, P.A., 909 North Miami Beach Blvd, Suite 201, Miami, Florida 33162; pleadings@hlalaw.com; *Attorney for Plaintiffs*

/s/ *Bianca G. Liston*
_____
M. GARY TOOLE, ESQUIRE
LEAD COUNSEL
Florida Bar No. 710814
BIANCA LISTON, ESQUIRE
Florida Bar No. 555592
**MCDONALD TOOL RICHMAN & CORRENTI, P.A.**
111 N. Magnolia Avenue, Suite 1200
Orlando, FL 32801
Telephone: (407) 246-1800
Facsimile: (407) 246-1895
Email Addresses: gtoole@mtrclegal.com;
bliston@mtrclegal.com; mdecker@mtrclegal.com;
SerervHankook@mtrclegal.com
*Attorneys for Defendant, Hankook Tire America Corp.*